STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Valois Airplane Storage Application | } | Docket No. 254-11-07 Vtec |
| (Appeal of Valois) | } | |

Decision and Order on Town's Motion
for Summary Judgment or Judgment on the Pleadings

Appellant-Applicant Paul Valois (Applicant) appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Addison, denying Applicant's most recent zoning application regarding the storage of his airplane on his property. Applicant is represented by Marsha Smith Meekins, Esq.  The Town is represented by Donald R. Powers, Esq.  Interested Persons John M. Baker, Janice and Pierre Barre, Eric J. and Lisa A. Campbell, Jane and Phillip Grace, Deborah G. and Leon J. Laframboise, and Dale M. and Diane L. Rose have entered their appearances representing themselves.

On September 23, 2008, the Court granted summary judgment in favor of the Town on Question 1 of the Statement of Questions, determining that the most recent application was not deemed to be approved.  The Court also found that material facts were in dispute as to Questions 2, 3, and 4 of the Statement of Questions, including the number of flights now being proposed by Applicant to and from the mowed grass strip on the property, proposed as accessory to the off-season storage use of an existing storage building.

On May 3, 2007, the Court had issued a decision on the merits of an earlier application filed by Applicant proposing the use of a 1,100-foot-long mowed grass landing strip on his residential property in the Low-Density Residential and Agricultural zoning district, including the use of the strip for associated takeoffs and landings.  In connection

1

with that litigation, Applicant had proposed a maximum of ten takeoffs and ten landings in any calendar year. In that decision, the Court concluded that the proposed use did not qualify as an accessory use to the residential use of his property. In re: Appeal of Valois, No. 7-1-06 Vtec (Vt. Envtl. Ct. May 3, 2007). However, that decision left open the following question:

> [w]hether the off-season storage of hobby conveyances (such as aircraft, boats, recreational vehicles, and snow machines) is sufficiently common to make just the off-season storage of the airplane an accessory use to the residential use of the property, if the landing strip were capable of being approved for safety for that single annual trip by the necessary state or federal aeronautical regulatory authorities.

Id., slip op. at 10 n.11.

The application that is the subject of the present case included a narrative statement that Applicant was seeking a zoning permit "for 'aircraft storage' at my property . . . and to 'mow and maintain an 1,100 foot grass strip for my current privately owned single-engine, fixed wing airplane aircraft' or an aircraft of similar size or smaller." The narrative stated that the grass strip is not to be used by other pilots, but only by Applicant as the owner of the single-family residence on the property. The narrative stated that "I desire to store my aircraft at my property in the off-season (winter and early spring) just as the owners of similar hobby conveyances such as recreational vehicles, sailboats, motorboats, all terrain vehicles, and/or snow machines do within the Town of Addison." The narrative did not propose a particular number of takeoffs and landings to occur in connection with the proposed storage use.

At the telephone conference held on November 3, 2008 in the present case, Attorney Meekins reported that, in the present application, Applicant was requesting approval of no more than ten takeoffs and ten landings per calendar year. Applicant declined to request approval of only the single annual landing (for off-season storage) and single annual

2

takeoff (after off-season storage) left open by the 2007 decision in Docket No. 7-1-06 Vtec.

The November 4, 2008 scheduling order resulting from that conference provided for the Town's anticipated motion regarding Questions 2, 3, and 4 of the Statement of Questions to be filed by November 14, 2008, and for any responses to be filed by December 5, 2008. The Town's motion was filed on November 10, 2008; Applicant's response was not filed until December 10, 2008, but has been considered.

The use of the mowed grass strip for ten takeoffs and ten landings per year as accessory to the residential use of the property was decided in Docket No. 7-1-06 Vtec. The 2007 decision in that case determined that such a use of the grass strip is not "customarily incidental" to residential uses in the lower Champlain Valley, and therefore does not qualify as an accessory use. Applicant now argues that the proposed use of the grass strip is "subordinate" to the residential use and therefore should qualify as an accessory use. Even if this issue had not already been decided in the 2007 decision in Docket No. 7-1-06 Vtec, Article VIII of the Zoning Ordinance requires an accessory use to be <u>both</u> "customarily incidental" and to be "subordinate" to the principal use. The proposed use has been determined by this Court to fail the first of these two requirements.

Applicant also argues that he is being denied the right to store his airplane on his property. To the contrary, the Town does not contest Applicant's right to store the airplane in the storage building. After the 2007 decision in Docket No. 7-1-06 Vtec, all that remained in the present application was whether the use of the mowed grass strip for a much more limited number of takeoffs and landings could be approved as being accessory to the allowed off-season storage use of the storage building.[1] However, as Applicant seeks the

---

[1] Applicant now argues that the Zoning Ordinance's silence on the issue of private landing strips on residential properties equates to ambiguity that requires the ordinance to be interpreted in his favor. See <u>In re Weeks</u>, 167 Vt. 551, 555 (1998). However, under § 240 of the Zoning Ordinance, "[a]ny use not permitted by these regulations shall be deemed

same number of takeoffs and landings as in the prior application, the Town is correct that it has already been denied in Docket No. 7-1-06 Vtec. Accordingly, summary judgment is GRANTED in favor of the Town on Questions 2, 3, and 4.

This Court's September 23, 2008 decision, at pp. 10–11, outlined the considerations involved with Question 5 of the Statement of Questions. Applicant appears to wish to pursue his claims of disparate treatment in the permit application. Therefore, Applicant shall inform the Court and the other parties in writing, postmarked on or before December 19, 2008, whether he wishes to proceed on Question 5 of the Statement of Questions, which is all that remains in the present appeal, or whether a final appealable judgment order should be entered in the above-captioned appeal. If no statement is timely filed, a judgment order will be entered on or shortly after December 22, 2008.

Done at Berlin, Vermont, this 11th day of December, 2008.


_____
Merideth Wright
Environmental Judge

---

prohibited." The ordinance is neither silent nor ambiguous. As the Court explained in its 2007 decision in Docket No. 7-1-06 Vtec, since a landing strip is not an allowed use under the Zoning Ordinance, such a use is only approvable if it qualifies as accessory to an allowed use.